The judgment of the court was pronounced by
Rost, J.
In the case of Ducloslange et al. v. Philip .Ross, we held, a residuary donation “inter vivos” made to certain persons therein named to be null, as containing a “ fidei commissum” prohibited by law. 3d Ann. 432.
Baptiste Beaulieu, the donor in that case, availing himself of this decision, has instituted the present action to recover the property donated from the defendant, who is in possession of it.
During the pendency of this suit, and after issue joined, one Saintville Beau-lieu, alleging himself to be the only legitimate son and heir of the plaintiff, suggested his death to the court, and in his “ ex parte” application was authorized to prosecute the suit.
The defendant, expressly denying that Saintville was the legitimate son and heir of the plaintiff, took a rule upon him to show cause why he should not exhibit and file in court his authority, or prove by competent testimony the facts suggested by him.. By consent, this rule was tried with the merits, and the court being of opinion that the legitimate filiation was not satisfactorily established, and that the plaintiff had not complied with the formalities required to entitle him to recover the property as a natural child duly acknowledged, dismissed the petition. The plaintiff has appealed.
It was held by our predecessors, that marriage, like other contracts, may be proved by any species of evidence not prohibited by law, which does not presuppose a higher species of evidence within the power of the party. Holmes v. Holmes, 6 L. R. 470.
Adhering to this rule, we are not prepared to concede that the evidence adduced by the plaintiff in this case pre-supposes a higher species of evidence within his power, and we incline to the opinion that it makes out a prima facie case of legitimate filiation; we will therefore examine the cause on its merits.
In the case of Ducloslange we stated, that although every substitution is a fidei commissum, eveiy fidei commissum is not a substitution. This distinction finds its application in the present case.
Substitutions embrace every disposition by which the donee, the instituted heir, or the legatee, is charged to preserve the thing given and return it to a third person.
Article 1507 of the code which defines substitutions, was transcribed without change from the Code of 1808, and the French text evidently expresses the intention of the Legislature. The English text, taken literally, is without meaning.
It is an essential requisite of a substitution that the thing given be tied up in the hands of the first recipient during his natural life; in such a case the disposition is null, even with regard to the donee, the instituted heir or the legatee. *481 Did the donation in this case have that effect? It transferred the property to the first donee, with full power to use it and dispose of it at pleasure, on condition that if she died without posterity and without having disposed of it, other persons named in the act Would, without any formality, become the owners of it.
It is clear, that Eulalie Ducloslange was not charged to preserve the property during her natural life, and that it was not tied up in her hands ; she, on the contrary, had full power to alienate it, and the condition attached to the donation was a mere fidei commissum, to be executed only in case she did not avail herself of the faculty given to her. That fidei commissum being in violation of a prohibitory law, is null, as We held in the former case; but that nullity does not carry with it the nullity of the donation to Eulalie Ducloslange. The entire disposition is.null in cases of substitution only. Duplessis v. Kennedy, 6 L. R. 247. The defendant having prayed for no change in the judgment.
It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, With costs.